The named insured on the declaration page of the CNA insurance policy at issue is the Oglebay-Norton Company, a corporation. Throughout the remainder of the policy, the named insured is referred to as "you."
Pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. (1999),85 Ohio St.3d 660, 666, such an arrangement creates an ambiguity in the terms of the policy which, absent other restrictions, means that "you" thereafter refers to the named insured corporation's employees. Consequently, appellant, as an employee of the corporation, meets the threshold test to be an insured under the policy.
The declaration page, however, places a definitional restriction upon who is entitled to UM/UIM coverage under the policy. Referenced under UM/UIM coverage is item number six of the "Business Auto Coverage Form," which limits UM/UIM coverage to,
 "[o]nly those `autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage, * * *"
Pursuant to Scott-Pontzer, the "you" in this provision refers to appellant. Therefore, coverage is limited to only "those `autos' [appellant] own[s]." There is no evidence in the record that appellant owned the automobile in which his sister was killed. Accordingly, no UM/UIM coverage arose under the policy.